
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

MAURICE GOLTSON,

Defendant.

---

09-CR-461

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On July 20, 2009, Maurice Goltson pled guilty to a lesser-included offense within a single-count indictment charging him with conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii).

Goltson was sentenced on September 30, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 25 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 57 and 71 months. The calculation of the total offense level included a 2-point safety valve reduction and a 3-point reduction for acceptance of responsibility. The offense carried a minimum term of imprisonment of five years. 28 U.S.C. § 841(b)(1)(B)(iii). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met and that the statutory minimum sentence did not apply. The guidelines range of fine was from $12,500 to $2,000,000. There are no other open charges.

Goltson was sentenced to time served and 5 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense of conspiracy to distribute and possess with intent to distribute is serious. As a child, Goltson was abused by his father, a heroin addict, and was raised in conditions of severe poverty. He suffers from depression and a severe learning disability, and he has received no education beyond middle school. Goltson has three children: two young daughters and a son in middle school. He remains close to his family and has been offered housing and employment by relatives. Because the defendant has already served eighteen months, a sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug trafficking will result in substantial sentence. Specific deterrence is achieved by the time Goltson has already spent incarcerated and by the impact this conviction will have on his employability. It is unlikely that he will engage in further criminal activity in light of his age, his close familial connections, his determination to serve as a positive role model for his children, his desire to gain an education, and his genuine remorse for his crime.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: September 30, 2010
      Brooklyn, New York